

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00384-CR

PHILLIP DAMONE JACKSON                                      APPELLANT

V.

THE STATE OF TEXAS                                                STATE

----------

### FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

----------

### MEMORANDUM OPINION[1]

----------

Phillip Damone Jackson attempts to appeal his 2007 conviction and sentence for aggravated assault. We dismiss for want of jurisdiction.

On June 11, 2004, Jackson was placed on deferred adjudication community supervision for an aggravated assault committed on September 27, 2003. Subsequently, the State moved the trial court to proceed with an adjudication of Jackson's guilt and revoke his community supervision. The trial

---

[1]See Tex. R. App. P. 47.4.

court granted the State's motion, and on August 31, 2007, sentenced Jackson to twelve years in prison.

On August 10, 2011, Jackson filed an out-of-time motion for new trial, which the trial court denied. On September 9, 2011, we received a letter from Jackson indicating that he wished to appeal from the trial court's denial of his out-of-time motion for new trial. We replied with a letter advising Jackson that we have no jurisdiction to review the trial court's denial of an out-of-time motion for new trial and invited Jackson or any party to file a response showing grounds for continuing an appeal. Jackson then filed a motion to continue the appeal with a cover letter stating that although he stated in his notice of appeal that he was attempting to appeal the denial of his motion for new trial, what he really meant was that he was attempting to appeal his judgment and conviction.

Jurisdiction is vested in this court by a timely filed notice of appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A defendant's notice of appeal is timely if filed within thirty days after sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order, or within ninety days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial. Tex. R. App. P. 26.2. By its title, "Out-of-Time Motion for New Trial," Jackson concedes that his motion for new trial was untimely. Indeed, Jackson filed this motion for new trial in August 2011, almost four years after the judgment from which he says he wishes to appeal,

2

which was entered on August 31, 2007. He filed his notice of appeal in September 2011. Because Jackson's untimely notice of appeal does not invoke our jurisdiction, we dismiss the appeal for want of jurisdiction.

LEE GABRIEL
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 27, 2011